IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

Dr. ROBERT C. BUTLER,

    Plaintiff, Pro Se

Vs.                                                                                           Civil Action No._____

FORMER GOVERNOR, BILL HASLAM,

    Governor of the State of Tennessee

    from Jan.,2011-Jan.,2019, and in his

    individual capacity;

JIM PURVIANCE, Executive Director,

    The Tennessee Board of Parole; He oversees

    the daily operations of the agency, and is

    the direct liaison with members of the Board, and

    in his individual capacity;

RICHARD MONTGOMERY, Chair, as well as

    Member of the Board of Parole, and

    in his individual capacity;

ZANE DUNCAN,

    Member of the Board of Parole, and

    in his individual capacity;

GARY M. FAULCON,

    Member of the Board of Parole, and

    in his individual capacity;

TIM GOBBLE,

    Member of the Board of Parole, and

    in his individual capacity;

GAY GREGSON,

    Member of the Board of Paroles, and

    in her individual capacity;

ROBERTA NEVIL KUSTOFF,

    Member of the Board of Parole, and

    in her individual capacity.

BARRETT RICH,

    Member of the Board of Parole, and

    in his individual capacity,

        Defendants.

## COMPLAINT FOR THE VIOLATION OF CIVIL RIGHTS

## FILED PURSUANT TO 42 U.S.C., 1983, 1985, 1986

### WITH JURY DEMAND

    Plaintiff Dr. Rev. Robert C. Butler, pro se, a former inmate in the Tennessee Department of Correction from 1977 to 1993 brings this action against the defendants, former Tennessee Governor Bill Haslam; Mr. Jim Purviance, Executive Director of the Board of Parole; Mr. Richard Montgomery, member and also Chairperson of the Board of Parole; Mr. Zane Duncan, member of the Board of Parole; Mr. Gary M. Faulcon, member of the Board of Parole; Mr. Tim Gobble, member of the Board of Parole; Ms. Gay Gregson, member of the Board of Parole, Ms. Roberta Nevil Kustoff, member of the Board of Parole; and Mr. Barrett Rich, member of the Board of Parole, for the sum of $500,000 in compensatory damages and $750,000 in punitive damages from the individual defendants, and in addition, plaintiff sues the defendants for declaratory and injunctive relief.

### JURISDICTION

    1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C., Sections 1331 and 1343 (3) and (4) to obtain redress with deprivation of rights guaranteed by the United States Constitution pursuant to 42 U.S.C., Sections 1983, 1985, 1986, and 1965 (C). The Plaintiff invokes the pendant jurisdiction of this Court.

PARTIES

2. Plaintiff Dr. Rev. Robert C. Butler, pro se, was a United States citizen, former college professor who taught sociology, and a 76 year old African-American recipient of Social Security from the United States Government. Moreover Plaintiff Butler was recovering from the pain and hurt he had to endure from former Governor Bill Haslam and the Tennessee Department of Treasury sending him on a "witch hunt" prior to his being granted an "exoneration" hearing on December 12, 2018, at 10:00 a.m. before the Tennessee Board of Parole. Even though the Tennessee Treasury Department knew that they were not supposed to conduct a hearing on Plaintiff's behalf, they went forward with a malicious and relentless "double jeopardy" hearing against Plaintiff, that is, Plaintiff was retried all over again. (See Plaintiff's attached letter to former Governor Bill Haslam about this matter).

Each and every one of the "all white" Board of Parole members operated from the premise that Plaintiff was guilty as founded by the jury at his second trial. Plaintiff's first trial resulted in a 11 to 1 not guilty vote by a jury of 6 Whites and 3 Blacks (September, 1977). In 1980, U.S. District Court Chief Judge L. Clure Morton overturned Plaintiff unconstitutional conviction. That decision was overturned by the 6th Circuit of Appeals in Cincinnati, Ohio. A few years later (1988), Plaintiff's case was overturned again by Court of Criminal Appeals Judge A. A. Birch, et al. on the grounds that Plaintiff's trial attorney, E. Michael Ellis, failed to adequately represent Plaintiff Butler during his second trial in 1977. In May, 1990, the Tennessee State Supreme Court overturned the ineffective assistance of counsel decision Judge A. A. Birch, et al., had handed down in May, 1990. In July, 1993, Plaintiff Butler was released from prison via Federal Writ of Habeas Corpus (28 U.S.C., 2254) by U.S. District Court Chief Judge, Thomas A. Wiseman, in Nashville. In his memorandum, Chief Judge, Thomas A. Wiseman, said that Plaintiff Butler's attorney, E. Michael Ellis, failed to adequately represent him (Butler) in at least five (5) instances during the second 1977 trial.

In spite of the Plaintiff presenting all of the abovementioned information and documents to each and every one of the Defendants in this lawsuit, they still went forward in a racist and blatant fashion committing "double jeopardy" as well as violating Plaintiff's right to due process of the law that is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution that they swore to under the law. After voting to deny Plaintiff an "exoneration," every one of the Defendants in this lawsuit assured your Plaintiff that Governor Bill Haslam would make the final decision concerning Plaintiff's exoneration before he left office in January, 2019. Plaintiff never heard anything from the Governor's (Bill Haslam) Office.

It was never made clear to the Plaintiff by the Board of Parole how they defined "exoneration." The only successful exoneration case that Plaintiff had knowledge of in the State of Tennessee after extensive research was that of former inmate Lawrence McKinney from Memphis, Tennessee. He was represented at his exoneration hearing before the Parole Board by Attorneys David Raybin and Jack Lowery in 2017. After being incarcerated for thirty-one (31) years on a rape and armed robbery case, he was "exonerated" via DNA testing. After the Board of Parole denied his exoneration request at his hearing, former Governor Bill Haslam exonerated former inmate Lawrence McKinney.

All of the Defendants in this case clearly violated Plaintiff's double jeopardy rights as well as his Fifth and Fourteenth Amendment rights as a result of such extraordinary unexplained delays in bringing

Plaintiff's case to a conclusion. Over and over, your Plaintiff has attempted/tried to explain to the Defendants herein that the former Chief Judge, Thomas Wiseman, of the United State District Court of the Middle District of Tennessee, in Nashville, reversed Plaintiff's, granted him release on bond, and gave the State of Tennessee 60 days to re-indict and thereafter set a court date to try Plaintiff for a third time. The State did not adhere to any of the above. All the State ever did during 60 day period was to file to the Sixth Circuit Court of Appeals challenging Judge Wiseman right to do what he die. After being denied by the Sixth Circuit Court of Appeals, the State of Tennessee filed a petition in Judge Mary Beth Leibowitz's Knox County criminal courtroom. Judge Leibowitz handed down a decision embracing everything Judge Wiseman had articulated in his former decision in July, 1993 (May 1, 1995). All of these matters occurred long after the State's 60 day time limit had run out. Moreover, all of Plaintiff's records (including the FBI) pertaining to the afore mentioned case have been expunged as well as the Plaintiff being restored to the position he occupied prior to his arrest/charge or conviction (See State v. Sims, 746 S.W. 2d 191, 199 (Tenn.1988); [pursuant to T.C.A. 40-32-101]; Pizzillo v. Pizzillo, 884 884 S. W. 2d 749, 754 (Tenn. App. 1994). It was at both former Governor Bill Haslam's Office, State Capitol, 1st Floor, 600 Charlotte Avenue, Nashville, Tennessee 37243, and the Tennessee Board of Parole, 404 James Robertson Parkway, Suite 1300, Nashville, Tennessee 37243, that Plaintiff suffered the above unconstitutional, racial discriminatory, hostile, and egregious acts.

3. Defendant Jim Purviance, Executive Director of the Tennessee Board of Parole, is charged with the responsibility of overseeing the daily operations of the Board of Parole, and is the direct liaison with members of the Board of Parole. Moreover, Defendant Purviance is charged with responsibility for implementing the Board of Parole policy as well as both state and federal policy/law with regards to protecting the public and affording all inmates (both former and current) a "due process and equal protection under the law" hearing (a just and fair hearing) when they come before the Board of Parole. This Defendant egregiously violated Plaintiff's Fifth, Eighth, Fourteenth Amendment of the United States Constitution rights, and the Civil Rights Act of 1964 at Plaintiff's "exoneration", hearing before the Board of Parole on December 12, 2018. In addition, this Defendant and every member of the Board of Parole violated Plaintiff's "double jeopardy" rights by telling him that he was guilty of a crime that he had been exonerated of almost 27 years ago. Lastly, this Defendant along with all of the Board of Parole members (Richard Montgomery; Zane Duncan; Gary M. Faulcon; Gay Gregson; Roberta Nevil Kustoff; and Barrett Rich) informed Plaintiff at the conclusion of his exoneration hearing that they were voting against him; however, it was Governor Bill Haslam who would make the final decision in this matter before he would leave office in January, 2019. Plaintiff never heard anything from the Governor before he left office. Upon calling the Governor's office and talking to Attorney Rebecca Kaunisto (?), Plaintiff was informed that none of his paperwork concerning "exoneration" had reached Governor Haslam's desk. Every one of the above mentioned Defendants listed herein is being sued in his/her official, as well as their individual capacity for colluding against Plaintiff to violate his United States Constitutional Rights as spelled out in the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and the Civil Right Act of 1964.

4. Defendant Bill Haslam, former Governor of the State of Tennessee, was responsible for appointing citizens of Tennessee to the Board of Parole who are of high moral character, protectors of the citizens

of the State of Tennessee, and who would vow to follow the dictates of both the United States and Tennessee Constitutions in regards to "due process and equal under the law" hearings (a just and fair hearing) for any inmate/ex-inmate, etc. who appeared before the Board of Parole for any type of hearing. Plaintiff consistently informed Governor Haslam via U.S. Mail that his constitutional rights were being violated, but the Governor stood by and did nothing. He always seemed to be overly involved in the Cyntoyia Brown pardon case that was before him. (See attached hereto letters written to Governor Haslam by Plaintiff). He is sued in his official, as well as his individual capacity.

5. Defendant Richard Montgomery, Chair of the Board of Parole, was responsible for ensuring that Plaintiff received a just and fair hearing before the Board and that Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Montgomery colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. He is sued in his official, as well as his individual capacity.

6. Defendant Zane Duncan, member of the Board of Parole, was responsible for ensuring that Plaintiff receive a just and fair hearing before the Board and that Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Duncan colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. He is sued in her official, as well as her individual capacity.

7. Defendant Gary M. Faulcon, member of the Board of Parole, was responsible for ensuring that Plaintiff receive a just and fair hearing before the Board of Parole and that Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Faulcon colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. He is sued in his official, as well as his individual capacity.

8. Tim Gobble, member of the Board of Parole, was responsible for ensuring that Plaintiff receive a just and fair hearing before the Board of Parole and that Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Gobble colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. He is sued in his official, as well as his individual capacity.

9. Gay Gregson, member of the Board of Parole, was responsible for ensuring that Plaintiff receive a just and fair hearing before the Board of Parole and that Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Gregson colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. She is sued in her official, as well as her individual capacity.

10. Roberta Nevil Kustoff, member of the Board of Parole, was responsible for ensuring that Plaintiff receive a just and fair hearing before the Board of Parole and that Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Kustoff colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. She is sued in her official, as well as her individual capacity.

11. Barrett Rich, member of the Board of Parole, was responsible for ensuring that Plaintiff receive a just and fair hearing before the Board of Parole and the Plaintiff be afforded a "due process and equal protection under the law hearing." Rather than do the aforementioned, Defendant Rich colluded with other members of the Board of Parole to violate Plaintiff's U.S. Constitutional Rights. He is sued in his official, as well as his individual capacity.

12. At all times herein mentioned, every Defendant was employed in such a fashion as to protect the Plaintiff from being maliciously, falsely accused, and discriminated against as well as not carrying out, or seeing to it that the dictates of both the State of Tennessee and the United States Constitutions were adhered to. Plaintiff is informed and believes, and upon such information and belief, alleges that all Defendants herein were responsible via collusion, negligently, or in some actionable manner, for the events and happenings alleged herein, which proximately caused Plaintiff to be maligned, and to have his "double jeopardy rights", as well as his Fifth, Eighth, Fourteenth Amendment rights egregiously violated. It is crystal clear that each and every one of the aforementioned acts (omissions and commissions) by the Defendants in this cause were acts of retaliation against Plaintiff. Plaintiff demands strict proof from the Defendants on each and every one of the allegations made against him at his "Exoneration" hearing on December 12, 2018. Every one of the Defendants in this cause promised Plaintiff that former Governor Bill Haslam would hand down a decision in his case before he left office on January 18, 2019. Plaintiff is still waiting for "justice" as well as "closure" on the above matter. "Justice delayed is justice denied." Also, "power unchecked becomes corrupt."

FACTUAL ALLEGATIONS

13. The Tennessee Board of Parole, located at 404 James Robertson Parkway, Suite 1300, Nashville, Tennessee, is where Plaintiff's "exoneration hearing" was held on December 12, 2018. As yet, not one member of the Board of Parole members (Defendants) understand that Plaintiff was not at the Exoneration Hearing to be re-tried, but to determine whether Plaintiff met the State of Tennessee guidelines to be exonerated of the crime that was overturned by Chief Judge, Thomas Wiseman, of the United States District Court, Middle District, Nashville, in July, 1993. Plaintiff's contention was/is that both the U.S. Court in Nashville, the Sixth Circuit Court of Appeals in Cincinnati, Ohio, and the trial court in Knoxville (Judge Mary Beth Leibowitz) where Plaintiff was initially found guilty concurred with the U.S. District Court's decision in its entirety. Plaintiff can not be held at fault because the State of Tennessee

did not re-indict him and/or re-try him before 60 days had gone by (elapsed). Plaintiff avers that history will absolve him because more and more white people are beginning to see that race does matter in criminal court cases (especially rape cases) wherein the victim is a caucasion (white) female and the accused is an African-American male. Moreover, Plaintiff submits to this Court that his FBI Rap Sheet (criminal record) as well as his Tennessee Department of Correction record has been completely expunged of the aforementioned charge/conviction on his TDOC record. Therefore, it is abundantly clear that all of the Defendants herein have grossly violated Plaintiff's United States Constitutional Rights (due process and equal protection under the law), double jeopardy rights, the Civil Rights Act of 1964, as well as other egregious acts against your Plaintiff.

Amendment V of the Bill of Rights to the United States Constitution reads as follow: "No person shall be held for a capital crime, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in the cases arising in the land of naval forces, or in the militia, when in actual service in time of War or public danger; nor shall any person be subject for the offence to be twice put in of life or limb; nor shall be in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

14. Plaintiff has suffered from severe depression and anxiety attacks during and after the "witch hunt" the Board of Parole Defendants sent him on by telling him that former Governor, Bill Haslam, would make a decision to grant him exoneration or not to grant him exoneration prior to him leaving office on January 18, 2019. Plaintiff has not heard anything from Governor Haslam since he left office.

15. Defendants acted with a deliberate and callous indifference to the "exoneration application" of the Plaintiff as well as the person of the Plaintiff.

16. Plaintiff suffered excruciating mental pain and emotional trauma and severe emotional distress along with other with other acts and omissions by the Defendants. Not one ounce of strict proof was presented by the Defendants at Plaintiff's "exoneration hearing" on December 12, 2018, stating why he should not be exonerated by the Board of Parole and the Governor.

CAUSES OF ACTION

17. The acts and omissions of the Defendants, and each of them individually and in their official capacities as officials and agents of the State of Tennessee. The actions were taken with reckless disregard for the Plaintiff's safety, Constitutional Rights and Civil Rights (1964). Moreover, the Defendants were grossly negligent in subjecting the Plaintiff to the likelihood of emotional and physical harm, all in violation of the due process clause of the Fourteenth Amendment of the United States

Constitution., through deliberate indifference to his good name that was reinstated by the federal and state courts in the State of Tennessee. Therefore, all of the Defendants are liable to the Plaintiff under 42 U.S.C., Sections 1983, 1985, and 1986, for compensatory damages, and in their individual capacities for punitive damages.

18. The acts and omissions of the Defendants and each of them individually and in their official capacities as officials and agents of the State of Tennessee inflicted cruel and unusual punishment upon the Plaintiff, in violation of the Eighth Amendment of the United States Constitution, through deliberate indifference to his safety and mental health, therefore liable to the Plaintiff under 42 U.S.C., Sections 1983, 1985, and 1986, for compensatory damages, and in their individual capacities for punitive damages.

19. The acts or omissions of the Defendants individually and in their official capacities, in allowing the Plaintiff's "double jeopardy" and civil rights to be violated under the color of law and maliciously and without conscious regard for Plaintiff's safety, violated Plaintiff's "due process of law" rights which are protected by the Fourteenth Amendment of the United States Constitution. Therefore, the Defendants herein are liable to the Plaintiff for punitive and compensatory damages under 42 U.S.C., Sections 1983, 1985, and 1986.

PRAYERS FOR RELIEF

In view of the foregoing allegations, Plaintiff prays that this Court:

1. Assume jurisdiction of the cause and exercise its pendant jurisdiction of state claims and set this matter for hearing.

2. Grant Plaintiff declaratory judgment that the actions of the Defendants have deprived the Plaintiff of his Constitutional rights and provide injunctive relief including the mandate that the Defendants come into full compliance with the Civil Rights Act of 1964 and the state and federal laws that govern the Governor's and Board of Parole offices.

3. Grant Plaintiff judgment in the amount of $500,000 in compensatory damages against the Defendants in their official and in their individual capacity.

4. Grant Plaintiff damages in the amount of $750,000 against Defendants in their official and in their individual capacity.

5. Award Plaintiff his cost and reasonable attorney fees.

6. Award any other further relief as the Court may deem appropriate.

Respectfully Submitted,

By: _____/s/ Dr. Rev. Robert C. Butler_____
Dr. Rev. Robert C. Butler, Pro Se
710 26th Avenue North
Nashville, TN 37208
615-828-2968

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon for all parties at interest in this case, or directly to all parties in this case, or directly to all parties in this case by delivering a true and exact copy of said pleadings to the offices of counsel or all defendants directly, or by placing a true and exact copy of said pleadings in the United States Mail, addressed to said counsel or said defendants at his/her office, with sufficient postage thereupon to carry the same to its destination.

This __17th__ day of __May__, 2019.

_____/s/ Dr. Rev. Robert C. Butler_____
Dr. Rev. Robert C. Butler, Pro Se

Subscribed and sworn to before me in my presence, this 17th day of __May__, __2019__, a Notary Public in and for the County of __Davidson__ State of __Tennessee__

_____
(Signature)    Notary Public

My Commission Expires: __March 8, 2022__

STATE OF TENNESSEE
NOTARY PUBLIC
HARMAN AGID
DAVIDSON COUNTY

My Commission Expires
March 8, 2022